**Leonard J. KRAJCI and Rene M. Krajci**

v.

**MT. VERNON CONSUMER DISCOUNT CO.**

Civ. A. No. 81–167.

United States District Court, E. D. Pennsylvania.

May 22, 1981.

Erik Frank, Philadelphia, Pa., for Leonard J. and Rene M. Krajci.

Robert Lapowsky, Philadelphia, Pa., for Mt. Vernon Consumer Discount Co.

## MEMORANDUM AND ORDER

FULLAM, District Judge.

In 1978, Leonard and Rene Krajci borrowed $2,304 from the Mt. Vernon Consumer Discount Company, giving as security a mortgage on their jointly held real estate. In June 1979, Mr. and Mrs. Krajci borrowed additional funds from Mt. Vernon; the earlier mortgage was paid off and a new mortgage executed and duly recorded.

In both transactions, Mt. Vernon failed to comply with the requirements of the Truth-in-Lending Act, 15 U.S.C. § 1635. In August 1979, the borrowers notified Mt. Vernon of their desire to rescind the transaction, as permitted under § 1635(a). Mt. Vernon acknowledged the violation, and refunded all interest which had been paid by the borrowers. Mt. Vernon also executed and delivered a release of the Krajcis' real estate from the mortgage. However, Mr. and Mrs. Krajci did not repay to Mt. Vernon the principal of the loan, as was their obligation under § 1635(b).

Mt. Vernon brought suit to recover the principal and, on October 31, 1979, obtained a consent judgment against the borrowers in the amount of $4,742.49.

On February 14, 1980, Mr. and Mrs. Krajci sought relief in the bankruptcy court, filing a joint petition under Chapter 7 of the Bankruptcy Code. They claimed their federal exemption of $15,000, pursuant to 11 U.S.C. § 522(b) and § 522(d)(1). No objections to the claimed exemption were filed.

In the bankruptcy proceeding, the borrowers instituted an adversary proceeding to avoid Mt. Vernon's judgment lien, pursuant to § 522(f)(1). Mt. Vernon sought to interpose a defense of fraud, claiming that the net result of the borrowers' actions had been to convert a mortgage lien, which would not have been affected by the exemption claim, into a judgment lien which was voidable if, as in this case, it would impair the exemption. In Mt. Vernon's view, these machinations amounted to fraud, which should not be countenanced by the bankruptcy court.

The bankruptcy judge ruled that the defense of fraud could not be raised in the proceedings to void the judgment lien. In his view, this defense should have been raised by objecting to the exemption claim. Mt. Vernon has appealed from the bankruptcy judge's Order voiding the judgment lien, 7 B.R. 242.

While I am inclined to agree with the bankruptcy judge's procedural assessment, I find it unnecessary to reach that issue in this case, since there is plainly no merit to Mt. Vernon's underlying fraud claim.

When a loan transaction violates the Truth-in-Lending Act, the lender is required to relinquish its security. The borrower's obligation to repay the principal of the loan does not arise unless the lender has relinquished its security (and repaid the interest). 15 U.S.C. § 1635(b). *See Rachbach v. Cogswell*, 547 F.2d 502, 505 (10th Cir. 1976). *But see, Rudisell v. Fifth Third Bank*, 622 F.2d 243, 254 (6th Cir. 1980). Under any view of the matter, Mt. Vernon's loss of its mortgagee status occurred as a consequence of its violation of the Truth-in-Lending Act, and not by reason of any wrongful conduct on the part of the borrowers.[1] It would be anomalous indeed to hold that a borrower can successfully be charged with fraud for invoking the protections expressly conferred by Congress.

If the debtors' bankruptcy petition had been filed between August and October 31, 1979, Mt. Vernon would have been an unse-

1. In *Rudisell v. Fifth Third Bank, supra*, the Sixth Circuit Court of Appeals expressed the view that the borrower's right to rescind under the Truth-in-Lending Act may be conditioned upon his return to the creditor of the reasona-

ble value of the goods received. Regardless of the correctness of that approach, the fact remains that, in the present case, Mt. Vernon did cancel its mortgage, and did so because of its antecedent violation.

**464**

cured creditor, with no security interest in the Krajcis' home. By the time the petition actually was filed, Mt. Vernon was a judgment creditor, but its judgment was not enforceable against property covered by the exemption. There is simply no basis for a claim of fraud in these circumstances.

For the reasons set forth above, the Order of the bankruptcy judge will be affirmed.