**Leonard J. KRAJCI and Renee M. Krajci**

v.

**MT. VERNON CONSUMER DISCOUNT CO.**

Civ. A. No. 79–3019.

United States District Court, E. D. Pennsylvania.

Aug. 25, 1981.

Community Legal Services, Inc., Eric L. Frank, Philadelphia, Pa., for plaintiffs.

Lapowsky & Lapowsky, Abe Lapowsky, Philadelphia, Pa., for defendant.

### MEMORANDUM

CAHN, District Judge.

Before me are cross motions for summary judgment on the awarding of statutory damages for defendant's failure to comply with the Truth-in-Lending Act (TILA), 15 U.S.C. § 1601 *et seq.* Defendant has also filed a Fourth Affirmative Defense asserting its right to set off plaintiffs' liability to it against any recovery of statutory damages, even though plaintiffs' liability has been discharged in bankruptcy. For the reasons set forth below, plaintiffs' motion

will be granted with statutory damages in the amount of $2,000 for both transactions against which defendant may set off the amount owed by plaintiffs to defendant as a result of incomplete rescission.

## I. FACTS

Plaintiffs, Leonard Krajci and Renee Krajci, entered into two loan agreements in 1978 and 1979 with defendant, Mt. Vernon Consumer Discount Company. The principal sums were secured by a mortgage on plaintiffs' residence. Both transactions contained TILA violations.[1] Plaintiffs rescinded the agreements under 15 U.S.C. § 1635(d). Defendant refunded all interest paid by the borrowers and released the mortgage on their real estate. However, plaintiffs did not repay the principal on the loan to defendant as required by 15 U.S.C. § 1635(b). After bringing suit to recover the principal, defendant obtained a consent judgment in the amount of $4,742.49 and obtained a lien on plaintiffs' property in this amount.

Plaintiffs instituted this action in August 1979 for statutory damages pursuant to 15 U.S.C. § 1640. Both parties filed motions for summary judgment. In February 1980, however, plaintiffs filed for bankruptcy under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 *et seq.*, and claimed their federal homestead exemption of $15,000 under 11 U.S.C. § 522(b) and § 522(d)(1). The within case was suspended pending final disposition of the bankruptcy proceedings.

During the bankruptcy proceeding, defendant argued that plaintiffs fraudulently convinced it to give up its position as a mortgagee of plaintiffs' home and that this should bar plaintiffs from taking advantage

of the homestead exemption. The bankruptcy court rejected this defense. Bky. No. 80–1131. On appeal, the United States District Court for the Eastern District of Pennsylvania affirmed the bankruptcy court's decision that there existed no basis for a fraud claim and that defendant, as a judgment creditor, could not recover against property which came within the homestead exemption. *Krajci v. Mt. Vernon Consumer Discount Co.,* 16 B.R. 462 at 463 (E.D.Pa.1981). Defendant, therefore, was reduced to an unsecured creditor because of plaintiffs' rescission under the TILA.

This meant that defendant will never recover the $4,742.49 principal of the loans plaintiffs rescinded.

## II. DISCUSSION

The issues raised here are appropriate for summary judgment. That defendant is an unsecured creditor and that the homestead exemption applies were established in the bankruptcy action and appeal, and apply here by operation of *res judicata.* Therefore, there are no genuine issues of material fact before me.

The only remaining issues are (i) whether defendant is liable to plaintiffs for statutory damages of $1,000 per transaction and (ii) if so, whether defendant is entitled to set off the discharged debt resulting from the incomplete rescission against any statutory damages awarded plaintiffs.

## A. DEFENDANT IS LIABLE TO PLAINTIFFS FOR STATUTORY DAMAGES

██ Under the Act's recovery provision, 15 U.S.C. § 1640(a),[2] a debtor is afforded

---

**1.** Judge Fullam's May 22, 1981, decision that the transactions violated the TILA controls in the case at bar. *Krajci v. Mt. Vernon Consumer Discount Co.,* 16 B.R. 462 (E.D.Pa.1981).

**2.** 15 U.S.C. § 1640(a) provides:

Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of the failure;

(2)(A)(i) in the case of an individual action twice the amount of the finance charge in connection with the transaction . . .;

. . . .

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

statutory damages of twice the finance charge up to $1,000 for a creditor's violations of the TILA. These statutory damages are to be awarded regardless of whether the debtor has suffered any actual damages. Here, it has already been established that TILA violations occurred. Therefore the plaintiffs are entitled to recover $1,000 for each of the two transactions since the finance charges for 'each exceeded $500.

## B. SET–OFF IS PROPER BECAUSE TILA STATUTORY DAMAGES ARE NOT STRICTLY PENAL IN NATURE

■ I may not allow defendant's set-off if TILA statutory damages are exclusively penal. Set-off is proper if the statutory damage provision is remedial in nature. The case law for the most part holds the provision to be remedial in nature. *E. g., In the Matter of Wood*, 643 F.2d 188 (5th Cir. 1980); *Binnick v. Avco Financial Services of Nebraska*, 435 F.Supp. 359 (D.Neb.1977); *Porter v. Household Finance Corp. of Columbus*, 385 F.Supp. 336 (S.D.Ohio 1974). At the same time, there have been cases which characterize the provision as a combination of remedial and penal. *Riggs v. Government Employees Financial Corp.*, 623 F.2d 68 (9th Cir. 1980).

In *Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973), the Court reviewed the history and purposes of the TILA. It reasoned that the TILA was designed to remedy fraudulent practices by lending institutions. *Id.* at 363–365, 93 S.Ct. at 1657–58. Congress intended to promote this objective by imposing a civil penalty on creditors. The Court held that such a civil penalty should not be construed in the strict terms reserved for criminal statutes. *Id.* at 375, 93 S.Ct. at 1663. On the reasoning of the *Mourning* decision, I conclude that the damage provision of the TILA has both penal

and remedial characteristics. On the one hand, the statutory damages are intended as a deterrent to bad lending practices. On the other hand they are a remedial measure designed to encourage defrauded consumers to bring suit. Because the damages are not strictly penal, and because the foregoing objectives will be served even if the damages are subject to set-off, I conclude that set-off is proper here if the equities so dictate.

Many courts have held that lenders have a right to set off an underlying debt against damages assessed under § 1640. *Binnick*, 435 F.Supp. at 363; *Engle v. Shapert Construction Co.*, 443 F.Supp. 1383 (M.D.Pa.1978). It is well settled that the allowance of a set-off comes within the discretion of the court. *Cumberland Glass Mfg. Co. v. DeWitt*, 237 U.S. 447, 35 S.Ct. 636, 59 L.Ed. 1042 (1915); *Riggs*, 623 F.2d at 73.

## C. EQUITIES FAVOR SET–OFF OF DISCHARGED DEBT

■ The fact that plaintiffs' debt to defendant was discharged in bankruptcy does not affect defendant's right to a set-off here. Section 553 of the Bankruptcy Code, 11 U.S.C. § 553,[3] preserves the right of set-off in bankruptcy cases. While a set-off contravenes a basic premise of bankruptcy law because it allows similarly unsecured creditors to be treated differently, *Bohack Corp. v. Borden, Inc.*, 599 F.2d 1160 (2d Cir. 1979), it has nevertheless long been a part of United States bankruptcy law. *Matter of Progressive Wallpaper Co.*, 240 F. 807 (N.D.N.Y.1917). The allowance of a set-off here merely recognizes the injustice resulting from compelling a creditor to pay the bankrupt estate the full value of a claim owed while, at the same time, requiring the creditor to forfeit a claim due from the debtor. *United States v. Brunner*, 282 F.2d 535 (10th Cir. 1960). The granting of a ·

---

**3.** 11 U.S.C. § 553 (formerly § 68 of the Bankruptcy Act) provides:

Except as otherwise provided in this section . . ., this title does not affect any right of a creditor to offset a mutual debt owing by

such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case. . . .

set-off, therefore, turns on the equities which the facts of each case present.

In the instant case, justice is best served by permitting the set-off. Defendant's violation of the TILA will be adequately penalized by its inability to collect the full amount owed it because of its unsecured creditor status in the bankruptcy proceeding. Defendant will collect none of the remaining $2,274.49 owed it by plaintiffs after the set-off because of the completed bankruptcy and discharge. To the extent that defendant's TILA violations caused the plaintiffs' financial insolvency, defendant will be penalized adequately. It would be excessive to force defendant to pay plaintiffs another $2,000 since its effective combined loss and penalty for TILA violations will be the full $4,742.49 even with a set-off.

The remedial purpose of the TILA is well served by this decision as well. Plaintiffs have been adequately compensated for the harm done them by having the benefit of the money loaned them, which they will never repay.