In the Matter of Judy L. GANTT, f/k/a Judy Sheriff, Debtor.

Judy L. GANTT, f/k/a Judy Sheriff, Plaintiff,

v.

FIRST ALABAMA BANK, Defendant.

Bankruptcy No. 80–0164A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Aug. 26, 1980.

Gerald H. White, Rosenbluth, Kahn & White, Atlanta, Ga., for plaintiff.

Joseph Philip Borg, Montgomery, Ala., for First Alabama Bank of Montgomery, N. A.

ORDER

A. D. KAHN, Bankruptcy Judge.

Defendant has moved the court to stay the instant action, in which Plaintiff seeks to avoid a lien as provided by 11 U.S.C. § 522(f).

Defendant contends that the commencement of a separate action by it as Plaintiff, *First Alabama Bank of Montgomery v. Judy L. Gantt*, Adv. No. 80–0314A (Bk.Ct. N.D.Ga., filed March 26, 1980), should cause the instant proceeding to be stayed, since the separate action seeks to have the debt secured by the lien at issue herein to be declared non-dischargeable.

In considering Defendant's motion, the court first takes note of the fact that debts are distinct from the liens which secure those debts. If the Congress determines that debts are dischargeable but that liens are not, *see* 11 U.S.C. § 524, then that is the

Congress's prerogative to do so. Similarly, if the Congress chooses to make the fixing of certain liens avoidable for reasons *independent* of the nature of the debt secured by the avoidable lien, then it is not the court's place to question that choice, (in the absence of constitutional argument).

■ Congress has, for example, always made avoidable those liens which are fixed upon the debtor's property on the eve of bankruptcy for the purpose of securing an antecedent debt. These preferential transfers [1] are, and have always been, avoidable without regard to the dischargeability of the debt secured by the preferentially fixed lien. 6 *Collier on Bankruptcy* ¶ 60.02 (14th ed.); *Collier on Bankruptcy* ¶ 547 (15th ed.).

■■ Similarly, the court's inquiry into the avoidance of liens which impair a debtor's right to exemptions is wholly unaffected by the nature of the debt which is secured by those liens. 11 U.S.C. § 522(f). Even though a debtor may be personally obligated after a bankruptcy discharge to pay a non-dischargeable debt, the debtor still holds a right to exemptions as provided by 11 U.S.C. § 522. In fact, even though some waivers of exemption rights remain enforceable at law,[2] any waiver of the right to avoid liens under § 522(f) is absolutely unenforceable and void. 11 U.S.C. § 522(e); U.S.Const. art. VI. The importance of § 522(f) rights has, therefore, been underscored by the Congress, and the exercise of such rights has in no way been shown to be dependent upon or related to the nature of debts secured by voidable § 522(f) liens.

Accordingly, the Defendant's motion for stay is hereby DENIED.

---

1. The fixing of a lien constitutes a "transfer." 11 U.S.C. § 101(40).

2. *See* 11 U.S.C. § 522(e).