In re Leonard J. KRAJCI and Renee M. Krajci, Debtors,

Leonard J. KRAJCI and Renee M. Krajci, Plaintiffs,

v.

MT. VERNON CONSUMER DISCOUNT COMPANY, Defendant.

Bankruptcy No. 80–00314G.
Adversary No. 80–0072G.

United States Bankruptcy Court,
E. D. Pennsylvania.

Nov. 26, 1980.

Eric L. Frank, Bruce Fox, Philadelphia, Pa., for plaintiffs, Leonard J. Krajci and Renee M. Krajci.

Abe Lapowsky, Leo F. Doyle, Philadelphia, Pa., for defendant, Mt. Vernon Consumer Discount Co.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether fraud can be raised as a defense in an action to avoid a lien under Section 522(f)(1) of the Bankruptcy Code. We conclude that it cannot.

The facts of the instant case are as follows:[1] In August, 1978, Leonard and Renee Krajci ("the debtors") entered into a loan transaction whereby they became indebted to Mt. Vernon Consumer Discount Company ("the creditor") in the amount of $2,304. That loan was secured by a mortgage on the debtors' residence. On June 20, 1979, the debtors entered into another loan transaction whereby they became indebted to the creditor in the amount of $7,656.48. That new loan was used, in part, to repay the prior loan and the prior mortgage was satisfied of record and a new mortgage was executed and properly recorded.

In August 1979, the debtors notified the creditor that they were rescinding the loan transactions pursuant to the provisions of the Truth–in–Lending Act.[2] The creditor accepted the rescission and returned to the debtors the interest which they had paid on the loans. The debtors, however, failed to tender to the creditor the principal which was owing to the creditor under another provision of the Truth–in–Lending Act.[3] Consequently, on October 4, 1979, the creditor instituted suit in the United States District Court for the Eastern District of Pennsylvania and on October 31, 1979, by stipu-

lation of the parties, a judgment was entered in favor of the creditor and against the debtors in the amount of $4,742.49.

On February 14, 1980, the debtors filed a joint petition seeking relief under Chapter 7 of the Bankruptcy Code ("the Code").[4] At the same time they filed a complaint to avoid the judicial lien of the creditor pursuant to Section 522(f)(1) of the Code. In its answer the creditor raised as an affirmative defense the allegation that the debtors had acted fraudulently in having the creditor's lien transformed from a mortgage into a judicial lien knowing that the latter could be avoided under the Code. The creditor thus asserts that this fraudulent conduct deprives them of their right to avoid the creditor's lien. The debtors filed a motion for judgment on the pleadings presenting the single issue of whether fraud can be raised as a defense to an action to avoid a lien under Section 522(f)(1).[5]

Our examination of Section 522 leads us to conclude that the question of fraud is not relevant at this point in the proceedings. Section 522(b) establishes a dual system of exemptions: a debtor may choose those available under state law or the federal exemptions available under Section 522(d). In the instant case the debtors chose the federal exemptions which entitled them to exempt up to $15,000 in their interest in real property. 11 U.S.C. § 522(d)(1). This the debtors did by listing their interest in that property in schedule B–4 of their petition as property which they are claiming as exempt. Section 522(*l*) provides that "Unless a party in interest objects, the property claimed as exempt ... is exempt." The notice sent out by this court in the filing of a petition provides that "any objection to the debtor's claim of exempt property ...

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. 15 U.S.C. § 1635(a).

3. *Id.* at § 1635(b).

4. The Bankruptcy Code superseded the Bankruptcy Act as of October 1, 1979. The Bank-

ruptcy Reform Act of 1978, Pub.L. No. 95–598, 92 Stat. 2682 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787.

5. For the purposes of the instant motion, we take the allegations of fraud made by the creditor as true.

must be filed within 15 days after the above date set for the meeting of creditors." Form 7–1, ¶ 7. Since no objection was filed within the above time period by any creditor in the instant case, the property which the debtors have claimed as exempt is exempt.

Further, since the property is exempt, the debtors may avoid any judicial lien which impairs their exemption. Section 522(f)(1) states:

> Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such a lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (1) a judicial lien.

11 U.S.C. § 522(f)(1). Thus, under the plain language of that subsection the only relevant issues are: (1) whether the lien is a judicial lien and (2) whether the lien impairs an exemption of the debtors. In the instant case, the creditor has admitted that its lien is a judicial lien and that the debtors' interest in their residence does not exceed $15,000. Thus, it is clear that the creditor's lien is a judicial lien which impairs the debtors' $15,000 exemption in real property.

Section 522(f)(1) does not state that fraud is a defense to the avoidance of a lien and we do not think that such a defense should be read into it. Where Congress intended that fraud be a bar to the relief for the debtors, it said so explicitly. *See, e. g.*, 11 U.S.C. § 523(a)(2) (which provides that a debt created by the debtor's fraud is not dischargeable in bankruptcy); *id.* at § 727(a)(2) and (4) (which denies a discharge to a debtor who has committed certain specified frauds).

The creditor contends, however, that since the bankruptcy court is a court of equity, it should consider the defense of fraud whenever a party requests the court to take an affirmative action. While this is generally true, we do not agree that that principle is applicable in the instant case. Here, the provisions of Section 522(f)(1) state explicitly that the debtors may avoid a lien if two conditions are met. Neither of those conditions deal with fraud. Accordingly, if we find that those conditions are met, we are devoid of authority to deny the debtors their right to avoid the lien. Further, since the Code specifically provides the creditor with remedies for a debtor's fraud,[6] we do not conclude that we should invoke our equitable powers to deny the debtors their avoidance rights under Section 522(f)(1) if we find they have committed a fraud.

We find support for this conclusion in a recent decision by the bankruptcy court in the Northern District of Georgia. In *In re Gantt*, 7 B.R. 13 (N.D.Ga.1980), the debtor had filed a complaint to avoid a lien on exempt property. Thereafter, the creditor brought a separate action to have the debt secured by that lien declared nondischargeable. The creditor then requested a stay of the first proceeding pending a decision in the dischargeability complaint. The bankruptcy court denied the creditor's request stating that the issue of the avoidability of a lien is unaffected by whether the underlying debt is nondischargeable (for fraud or otherwise).

Thus, we resolve that while fraud is an issue in determining the debtor's right to a discharge[7] and in determining the dischargeability of a debt,[8] we conclude that it is not an issue which may be raised in an action by the debtor to avoid a lien under Section 522(f)(1). We will therefore grant the debtors' motion for judgment on the pleadings.

### ORDER

AND NOW, this 26th day of November, 1980, it is

---

**6.** *See* 11 U.S.C. §§ 523(a)(2) and 727(a)(2) and (4).

**7.** *See* Section 727(a)(2) and (4).

**8.** *See* Section 523(a)(2).

ORDERED that the motion of Leonard J. and Renee M. Krajci ("the debtors") for judgment on the pleadings be, and the same hereby is, GRANTED; and it is further

ORDERED that the judicial lien held by Mt. Vernon Consumer Discount Company on the debtors' residence real estate located at 1822 Ruan Street, Philadelphia, Pa., by virtue of a judgment entered by it against the debtors on October 31, 1979, be, and the same hereby is, AVOIDED; and it is further

ORDERED that Mt. Vernon Consumer Discount Company is directed to take all steps necessary and appropriate to release the above judicial liens and to remove them from the judgment index.