**In re Ralph Edward CRABTREE, Sr., April Marie Crabtree, Debtors.**

**Ralph Edward CRABTREE, Sr., April Marie Crabtree, Plaintiffs,**

v.

**Wayne J. HALADYE, Marianne A. Haladye, Defendants.**

**Bankruptcy No. 80–02026.
Adv. No. 81–0031.**

United States Bankruptcy Court,
N. D. Ohio, W. D.

Sept. 9, 1981.

Ronald R. Henderson, Toledo, Ohio, for plaintiffs.

Donald A. DeCessna, Perrysburg, Ohio, for defendants.

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

## MEMORANDUM AND ORDER

This matter came on to be heard upon the Debtors' Complaint to avoid the fixing of a statutory lien on Debtors' real property pursuant to 11 U.S.C. Sections 522(h) and 545, and upon the Defendants' Counterclaim to Determine Dischargeability pursuant to 11 U.S.C. Section 523(a)(2). At the conclusion of the trial, the matter was submitted to the Court upon the evidence and testimony adduced at trial and upon the pre-trial briefs of the parties.

## FINDINGS OF FACT

On April 15, 1980, the Debtors signed a contract to buy the Defendants' house for a purchase price of $40,000. By the terms of the agreement the Debtors would assume an existing mortgage on the property of approximately $28,000, and pay to the Defendants the sum of $12,000. The Debtors could only raise $6,000, so the Defendants agreed to take Debtors' promissory note for $6,000. The sale was closed on May 21, 1980. No mortgage was taken by the Defendants to secure the $6,000 note, nor was any writing evidencing the debt put on the deed to the property. By virtue of this transaction the Defendants acquired an unperfected vendor's lien on the Debtors' house pursuant to *Ohio Rev.Code Ann.* § 5301.26.

Within a few months the Debtors defaulted on the note. Defendants filed an action on October 24, 1980 in the Common Pleas Court of Lucas County (Case No. 2680) to enforce the vendor's lien. Debtors were duly served with summons and a copy of the complaint which contained a legal description of the property. On November 26, 1980, while the action in the State Court was pending, the Debtors filed their Chapter 7 Petition in Bankruptcy and scheduled the Defendants as creditors. On December 12, 1980, the Court entered an order fixing March 23, 1981, as the last day for creditors to file complaints to determine dischargeability of debts pursuant to Section 523(a)(2), (4) or (6), notice of which was duly mailed to all creditors.

The Debtors commenced this adversary proceeding with the filing of a complaint on January 21, 1981. Thereafter on March 26, 1981 the Defendants filed their answer and counterclaim to determine dischargeability. The Plaintiffs moved to dismiss the Defendants' counterclaim as not timely filed. At no time did Defendants seek leave of court to extend the deadline. Defendants however, contend that the filing of Plaintiffs' complaint tolled the March 23, 1981 limitation for filing a complaint to determine dischargeability. For the reasons hereinafter set forth the Court finds that the counterclaim is not timely filed and should be dismissed.

## ISSUES

A. Does the filing of Plaintiffs' Complaint to avoid a statutory lien pursuant to 11 U.S.C. Section 522(h) and 545(2) toll the running of the time limit set for filing complaints to determine dischargeability under Section 523(a)(2), (4) and (6)?

B. Does the filing of a State Court action to enforce a vendor's lien pursuant to *Ohio Rev.Code Ann.* § 5301.26 put subsequent purchasers on notice so that they take the property subject to the vendor's lien?

## DISCUSSION

### I

The right to bring a dischargeability action is governed by statute, 11 U.S.C. 523(c). Rule 409(a) of the Rules of Bankruptcy Procedure operates as a statute of limitations within which such actions pursuant to 523(a)(2), (4) and (6) must be filed. Rule 409(a) is also made operative by statute; 28 U.S.C. 2075 (as amended by Section 247 of the Bankruptcy Reform Act of 1978).

Where by statute a right of action is given, and fixes the time period within which the right may be enforced the time so fixed becomes a limitation on such right. *Chauffers, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Company, Inc.,* 628 F.2d 1023 (7th Cir. 1980).

Filing a complaint usually "tolls or suspends the running of the statute of limitation governing a compulsory counterclaim." (footnote omitted) 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1419 at 109 (1971). A compulsory counterclaim relates back to the filing of the Plaintiff's complaint, but a permissive counterclaim, "in the absence of statutory language specifically providing for relation back . . . will be barred unless asserted within the time prescribed by the limitation period." *C. Wright & A. Miller* § 1425 at 132.

The Defendants' counterclaim in the present action arises out of the same transaction but it is not a compulsory counterclaim. As the District Court in *Canned Foods, Inc. v. United States,* 146 F.Supp. 470 (Ct.Cl.1956) at 472 stated, "The . . . counterclaim does arise, *in fact* out of the transaction or occurance on which the plaintiff's suit is based, but, according to the highest authority it does not, *in law,* so arise as a compulsory counterclaim, within the meaning of Rule 13(b) of the Federal Rules of Civil Procedure."

The highest authority referred to in *Canned Foods* is *Mercoid Corp. v. Mid Continent Investment Co.,* 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376 (1944). In *Mercoid,* the Supreme Court carved out an exception to the compulsory counterclaim rule by holding that a claim based on a separate statutory cause of action is a permissive counterclaim. Mercoid Corp. as defendant prevailed in a prior litigation involving patent infringement. In a later lawsuit, Mercoid filed a counterclaim against the former plaintiff under an antitrust statute for misuse of a patent. Mid Continent pled res judicata to the counterclaim relying on Rule 13(b). The Supreme Court stated at 671, 64 S.Ct. at 274:

"Though Mercoid were barred in the present case from asserting any defense which might have been interposed in the earlier litigation, it would not follow that its counterclaim for damages would likewise be barred. That claim for damages is more than a defense; it is a separate statutory cause of action. The fact that it might have been asserted as a counterclaim in the prior suit by reason of Rule 13(b) of the Rules of Civil Procedure does not mean that the failure to do so renders the prior judgment *res judicata* as respects it."

Along with being a separate statutory cause of action, the lien avoidance claim is totally independent of the dischargeability cause of action. The Bankruptcy Court in *Gantt v. First Alabama Bank,* 7 B.R. 13 (Bkrtcy.N.D.Ga.1980) ruled that the lien avoidance provision of Section 522(f) is unaffected by the nature of the debt which is secured by the lien sought to be avoided. The Court at 14 stated:

"Similarly, the Court's inquiry into the avoidance of liens which impair a debtor's right to exemptions is wholly unaffected by the nature of the debt which is secured by those liens . . . The importance of § 522(f) rights has, therefore, been underscored by the Congress, and the exercise of such rights has in no way been shown to be dependent upon or related to the nature of debts secured by avoidable § 522(f) liens."

*See also, Krajci v. Mt. Vernon Consumer Discount Company,* 7 B.R. 242 (Bkrtcy.E.D. Pa.1980).

An affirmative and independent cause of action must be brought within the appropriate time period. *Basham v. Finance America Corp.,* 583 F.2d 918 (7th Cir. 1978), cert. denied, 439 U.S. 1128, 99 S.Ct. 1046, 59 L.Ed.2d 89 (1979); *Big Cola Corporation v. World Bottling Co., Limited,* 134 F.2d 718 (6th Cir. 1943); *Nalley v. McClements,* 295 F.Supp. 1357, (D.Del.1969); *Keckley v. Payton,* 157 F.Supp. 820 (N.D.W. Va.1958). In *Big Cola* at 723, the Sixth Circuit held, "Where a counterclaim is essentially an independent action it is a per-

missive counterclaim." And in *Basham* at 927, the Seventh Circuit ruled that, "Where a counterclaim seeks to assert a separate cause of action for an independent wrong, it generally may not be instituted after the applicable statute of limitations has expired."

Defendants' counterclaim is based on Section 523 and is thus an independent and separate statutory cause of action from the Plaintiffs' claim under Section 545. Treated as such the counterclaim is permissive and under the facts of the case is not timely filed.

## II

The second issue concerns the Debtors' complaint to avoid the Defendants' vendor's lien. 11 U.S.C. Section 522(h) empowers the Debtors to exercise the Trustee's power to avoid statutory liens pursuant to Section 545. In pertinent part Section 545(2) provides as follows:

"The Trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—
(2) is not perfected or enforceable on the date of the filing of the petition against a bona fide purchaser that purchases such property on the date of the filing of the petition, whether or not such a purchaser exists;"

If commencement of Defendants' State Court action to enforce their vendor's lien acts to perfect such lien vis a vis a subsequent purchaser, then the Debtors cannot avoid that statutory lien. The Ohio Vendor's Lien Statute, *Ohio Rev.Code Ann.* § 5301.26 is silent as to whether the filing of a suit to enforce a vendor's lien acts as lis pendens thereby perfecting the lien as to subsequent purchasers. The statute states as follows:

"As between the vendor and vendee of land the vendor shall have a lien for so much of the purchase money as remains unpaid. Such lien shall not be effective as against a purchaser, mortgagee, judgment creditor, or other encumbrancer, unless there is a recital or a reservation of the lien in the deed, or in some instru-

ment of record executed with the same formalities as are required for the execution of deeds and mortgages of land. The vendor waives his lien by taking a mortgage for any unpaid purchase money on the land conveyed or any part thereof, and the filing for record of such a mortgage with the county recorder of the county in which said land is located shall be constructive notice of the waiver of the vendor's lien."

The Lis Pendens Statute, *Ohio Rev.Code Ann.* § 2703.26 in Ohio provides:

"When summons has been served or publication made, the action is pending so as to charge third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title."

In one Ohio case the Court held that a purchaser takes subject to the vendor's lien when a suit to establish the vendor's lien is pending. *Ames v. The Wheeling & Lake Erie Ry. Co. et al.*, 17 Ohio C.C. 684 (1899); 9 Ohio Cir.Dec. 443 (1899). In *Ames* the plaintiff Ames sold land to the railroad in 1881, gave a deed and the railroad agreed to pay a set price in stock in two years. After two years the stock became worthless and Ames brought suit on April 17, 1884. On September 14, 1885 Ames was awarded a vendor's lien. On July 8, 1884 the holder of a first mortgage against the railroad filed a foreclosure action without including Ames as a party. The property was sold and a new mortgage was executed. Ames then brought suit claiming the buyer of the railroad property took with notice of the vendor's lien and the vendor's lien took priority over the existing mortgage. In affirming the lower court's judgment in favor of Ames the Sixth Circuit held at 694:

"It is said also that the railway company when they became the purchasers of the property took the property free from the vendor's lien upon the property; but the parties who made that purchase made it after the original suit was brought against the railroad company to enforce the vendor's lien; that matter was a mat-

ter pending at that time between plaintiff and the railroad company, and it was bound in making its purchase to know what the rights of the plaintiff were under that decree."

Even though *Ames* was decided prior to the enactment of the Vendor's Lien Statute, it considered the vendor's lien under common law which has since been codified. Based on *Ames* and Ohio's Lis Pendens Statute, Defendants' statutory vendor's lien became duly perfected and enforceable against a bona fide purchaser upon the filing of Defendants' State Court action to enforce its vendor's lien. Section 545 enables the Trustee to avoid statutory liens which are not perfected or enforceable against a bona fide purchaser who purchases such property on the date of the filing of the bankruptcy petition. Because Defendants' vendor's lien was perfected prior to the date of the filing of the bankruptcy petition, the Trustee could not avoid such lien under Section 545. If the Trustee cannot avoid the Defendants' vendor's lien then neither can the Debtors avoid such lien.

For the foregoing reasons; it is therefore,

ORDERED that the Plaintiff's Complaint to Avoid Lien be and it hereby is dismissed; and it is further,

ORDERED that the Defendants' Counterclaim to determine dischargeability be, and it hereby is, dismissed.