In re Gregory H. HAUPT and Barbara J. Haupt H/W, Debtors.

Bankruptcy No. 81–01793T (7).

United States Bankruptcy Court,
E. D. Pennsylvania.

Dec. 21, 1981.

Ellis Brodstein, Reading, Pa., for debtors.

John F. Brennan, Pottsville, Pa., for Household Finance Corp.

Frederick L. Reigle, Reading, Pa., Trustee.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

The debtors in this case have moved to dismiss a creditor's answer to the debtors' application to avoid a lien on exempted property. The creditor claims that the lien is based upon fraudulent acts of the debtor, and thus should not be subject to lien avoidance. For reasons hereinafter given, we will grant the debtors motion to dismiss.[1]

The facts of this case are as follows:

The debtors filed a joint voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code on May 11, 1981. In the schedules accompanying the petition, the debtors claimed as exempt various household goods and tools of debtor's trade. On June 3, 1981, the debtors filed an application to avoid the lien of Household Finance Corporation [hereinafter, HFC] to the extent that lien impaired the debtors' exemptions. The application alleges that HFC holds a nonpossessory, nonpurchase-money security interest in the exempted property, and that the lien of the security interest impairs the debtors' exemptions.

HFC answered the debtors' application, and denied that the lien impaired the claimed exemption, but admitting the existence of the lien. More importantly, HFC averred that the debtors were not entitled to avoid the lien because the "lien was the result of fraudulent acts by the debtors." The debtors quickly moved to dismiss the answer as unresponsive and unspecific.

A hearing was held and concluded on debtors' motion on July 28, 1981, at which time the matter was taken under advisement. Both parties submitted briefs of argument.

Essentially, HFC argues that if it can prove that the debtor has committed fraudulent acts in connection with the debt and the securing lien, the debtor should be prevented from avoiding the lien. HFC anticipates a situation where if HFC were to file a complaint to determine dischargeability, and were able to prove acts sufficient to determine the debt was nondischargeable, the debtor would remain personally liable for the debt, but the lien securing the debt would be avoided. HFC argues that in such a situation debtor should not be allowed to benefit from his wrong.

While HFC's concern is understandable, there are several strong arguments that the debtor has presented which mitigate against HFC's position.

■ Initially, we must note that HFC has not proved, nor properly alleged, any facts to suggest that the debt owed to it by the debtors should be deemed nondischargeable. The proper way to do so is to file a complaint to determine dischargeability pursuant to 11 U.S.C. § 523 (1979). Until such time as the debt has been determined nondischargeable, any allegations in this regard are the purest speculation. Even if we found merit in HFC's argument (which we do not), there is no basis for their present prayer for relief without specific allegation and subsequent proof of a nondischargeable debt.

Second, and perhaps most importantly, there is no legal basis for HFC's position. HFC has apparently overlooked the provisions of 11 U.S.C. § 522(c) (1979), which states that property exempted by the debtor is not liable for any prepetition debt, except in circumstances not relevant here.[2]

---

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Section 522(c) of the Bankruptcy Code provides:

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502

In enacting exceptions to the above general rule, Congress has obviously considered in which circumstances exempted property shall be subject to prepetition debts, but did not provide for the instance in which the debt was deemed nondischargeable because of fraud. See, *In re Krajci*, 7 B.R. 242 (Bkrtcy.E.D.Pa.1980).

■ Further, our own analysis of the respective arguments indicates that the basic purposes of lien avoidance and nondischargeability are fundamentally different. Regardless of any alleged impropriety or wrongdoing on behalf of the debtors with respect to the underlying debt, the function of the exemption provisions of the Code is to allow the debtor use of a fund of specific property from which he may maintain his basic standard of living. To this end, the debtor is allowed to avoid liens on a limited portion of his exempt property to further protect that property.

This is not to say, however, that debtors will benefit from their wrongdoing. The Code provides for the loss of the debtors' discharge for all, or individual, debts upon a showing of specified acts of fraud, defalcation, malfeasance, or other abuse or misconduct. See, 11 U.S.C. § 727 (1979). Thus the debtor remains personally liable for those debts not discharged. Congress has decided that the overriding concern in this situation is the federal interest in seeing the debtor through bankruptcy with sufficient property to maintain a basic standard of living.

■ For all the above reasons, the debtors motion to dismiss shall be deemed a motion to strike the unresponsive portions of the answer, and that motion to strike shall be granted. Further, the responsive portion of the answer shall remain, but the debtors' application to avoid the lien of the security interest shall be granted.

of this title as if such claim had arisen, before the commencement of the case, except—
(1) a debt of a kind specified in section 523(a)(1) or section 523(a)(5) of this title; or
(2) a, lien that is—
(A) not avoided under section 544, 545, 547, 548, 549, or 724(a) of this title;

(B) not voided under section 506(d) of this title; or
(C)(i) a tax lien, notice of which is properly filed; and (ii) avoided under section 545(2) of this title.