In re Benjamin T. EWIAK, Debtor.

Benjamin T. EWIAK, Movant,

v.

William C. EBNER and Susanna Ebner, his wife, the National Bank of North East, and Vedder J. White, Esq., Trustee, Respondents.

Bankruptcy No. 86–00462E.
Motion No. 86–858E.

United States Bankruptcy Court,
W.D. Pennsylvania.

June 30, 1987.

Michael S. Janjanin, Erie, Pa., for debtor.

Robert J. Jeffrey, North East, Pa., for defendants William C. Ebner and Susanna Ebner.

WARREN W. BENTZ, Bankruptcy Judge.

## OPINION ON DEBTOR'S MOTION TO AVOID LIEN IMPAIRING EXEMPTION

### Issue

The issue is whether a debtor may avoid a judicial lien on property claimed by the debtor as exempt when the underlying debt secured by the lien is nondischargeable under § 523(a)(2) on account of the debtor's fraud.

### Background

This matter is one of two proceedings in this case that were initiated as a result of a family dispute between the debtor on the one hand, and the debtor's daughter and son-in-law on the other. In the related proceeding this court entered an order denying the debtor the discharge of the debt at issue. We now consider the debtor's request to avoid the prepetition judicial lien securing that nondischargeable debt, as impairing the debtor's exemption under § 522(f)(1).

The lien in question is a garnishment of debtor's account in the amount of $1,032.60 in The National Bank of North East ("Bank"). Hence, the Bank is only a nominal party. Although the garnishment occurred shortly before bankruptcy and would be voidable under § 547, we regard the important issue to be the effect of the nondischargeability of the claim upon (1) the claim of exemption and (2) the avoidability of the lien.

### Discussion

The first question to be addressed is whether the property upon which the lien is affixed may be exempted by the debtor, in the face of the fact that the debt underlying the lien on the property is nondischargeable on account of debtor's fraud. If the debtor may be allowed the exemp-

tion, then the next question is whether the lien on the exempt property may be avoided.

Collier on Bankruptcy, § 522.08[2], 15th Ed. indicates that under the Bankruptcy Act, the court looked to the state law to determine whether the conduct of the debtor was such as to bar the debtor's right to exemptions. Under the Act, the debtor's exemptions were those, and *only* those, allowed by state law, and therefore it was logical that one would look only to state law to determine bases for denial of such exemptions.

Under the Bankruptcy Code, however, as in this jurisdiction where the state has not "opted out," a debtor has the option of federal Bankruptcy Code exemptions or state law exemptions. The debtor here has selected the federal law exemption of the Bankruptcy Code. Hence, the applicable law is the Bankruptcy Code. As to whether exemptions should be allowed under § 522 in the face of fraud, we have no statutory guidance, no legislative history, and no case law to guide us, except a plain reading of § 522.

§ 522(d) does not say whether the exemptions specified may be claimed and taken by a debtor even in the face of bad conduct. Therefore, bad conduct by a debtor as a reason not to allow the specified exemptions must be found elsewhere. Our only source is § 522(c).

§ 522(c) provides as follows:

Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—

(1) a debt of a kind specified in section 523(a)(1) or 523(a)(5) of this title; or

(2) a debt secured by a lien that is—

(A)(i) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549 or 724(a) of this title; and

(ii) not void under section 506(d) of this title; or

(B) a tax lien, notice of which is properly filed.

The language appears to be circular. § 522(c) provides that property exempted is not liable for any debt except

"(2) a debt secured by a lien that is—

(A)(i) not avoided under [§ 522(f)] . . ."

The question remains: *should* the lien be avoided under § 522(f) where, as here, the underlying debt was created by fraud and is not dischargeable? It could be argued that § 522(c)(2)(A)(i) intends that such a judgment lien not be avoided.

■ However, we think § 522(c)(1) provides the answer. Property exempted is not liable for prepetition debts except:

"(1) a debt of a kind specified in § 523(a)(1) [certain tax claims] or § 523(a)(5) [alimony and support] . . ."

Certain tax claims [§ 523(a)(1)], and alimony and support claims [§ 523(a)(5)] are singled out for special elevated treatment. No other nondischargeable claims are so elevated. Hence, the nondischargeability of a debt under § 523(a)(2), (4), (6), etc. does not impair the protection afforded to exempt property, nor, we conclude, does it impair the debtor's right to claim his exemptions in the first instance.

If property to be exempted is protected from claims which are nondischargeable, then it follows that the nondischargeability of a claim does not bar the exemption. It also follows that a judicial lien based upon a nondischargeable claim is also avoidable, otherwise the protection envisioned by § 522(c) would fail.

§ 522(c), which protects exempt assets from prepetition debts even after the case is closed, specifically in subparagraph (1) removes that protection as to certain tax debts [§ 523(a)(1)] and as to alimony and support [§ 523(a)(5)]. Congress apparently selected these two types of nondischargeable debts to be superior to exempt property rights, thus leaving all other types of nondischargeable debts subordinated to the debtor's rights in exempt property—either "during or after the case."

§ 522(c) specifies those situations in which otherwise exempt property will be liable for the nondischargeable debts of a debtor. Debts found to be nondischargeable under § 523(a)(2), as is the debt at issue here, are not included on that list.

 The avoidance of this lien has a curious result. The judgment is not avoided—only the lien is avoided. The judgment holders are free to obtain a postpetition execution against the debtor's non-exempt (hereafter acquired) property. However, they are not free to issue execution on the exempted property. They will, therefore, have to wait for the debtor to acquire additional property to satisfy their claim. This result is apparently intended to leave to the debtor his exempt property to assist him in his fresh start, protected from all claims excepting only certain taxes, alimony and support obligations.

This may be viewed as an example of the fine-tuning of the Code: certain tax claims [§ 523(a)(1)] and obligations for alimony and support [§ 523(a)(5)] are given rights superior to the debtor's exemption rights, but the debtor's exemption rights are superior to claims based upon false pretenses, actual fraud, embezzlement, larceny, or willful and malicious injury [§ 523(a)(2), (4), (6), etc.].

The court might not have drafted the Bankruptcy Code in this fashion, and might be tempted to enunciate a rule that a judgment lien may be avoided under § 522(f) only if the underlying debt is a dischargeable debt, on the basis that it makes no sense to hold that a debt secured by a lien is nondischargeable because of the debtor's fraud, and then hold that the lien is avoided and that the property is forever exempt from levy upon that same nondischargeable claim; and on the further basis that taken to extreme, a debtor guilty of larceny could keep the fruits of his crime as exempt property. However, Congress has drawn the line and we will follow it. (Note for comparison the tortuous history of the analysis of the dischargeability of a criminal restitution order by the various courts before being resolved by the U.S. Supreme Court, and even there evoking a dissent arguing that however unpalatable the result, the statute ought to be closely followed, leaving necessary amendments to the legislature. *Kelly v. Robinson,* 479 U.S. ——, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986).

The facts at bench indicate a civil fraud. Were the case one of criminal conduct such as larceny, burglary or robbery, we might have yielded to the temptation to disregard the statute.

An order will be entered avoiding the judgment of the respondents as a lien upon debtor's property, but it will be left alive as representative of nondischargeable debt under which levy may be made upon other property of the debtor, in accordance with this opinion.