**In re Michael Floyd HAMPTON, D/B/A Silver Screen Video, Pat Hampton, Debtors.**

**Michael Floyd HAMPTON, Movant,**

**v.**

**SILVER SCREEN VIDEO, II, INC., Respondent.**

**Bankruptcy No. 87–70248–VAL.**

United States Bankruptcy Court, M.D. Georgia, Valdosta Division.

Aug. 22, 1989.

---

David M. Wolfson, Valdosta, Ga., for movant.

John Turner Holt, Thomasville, Ga., for respondent.

Walter W. Kelley, Albany, Ga., Trustee.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

Pending before the court is a motion pursuant to § 522(f) of the Bankruptcy Code[1] to avoid the Respondent's judicial lien to the extent that it impairs the Debtor's homestead exemption. The lien in question is a judgment lien entered post-petition by this court determining that the Respondent has a nondischargeable claim against the Debtor in the principal amount of $6,750.00 pursuant to § 523(a)(6) of the Bankruptcy Code.[2] The judgment was entered after a trial in this court, the court having found the Debtor liable to the Respondent in the amount stated for willful and malicious injury to the Respondent or his property. There is no contention that the property in which the Debtor claims his exemption was obtained as a result of the Debtor's intentional acts against the Respondent's property. This court, having considered the arguments and cases presented by counsel, now renders this Memorandum Opinion.

The Respondent contends that the Debtor may not avoid its judicial lien to the extent that it impairs the Debtor's homestead exemption. Respondent cites to the court the cases of *In re Schroff*, 94 B.R. 279 (Bankr.E.D.N.Y.1988) and *In re Parrish*, 29 B.R. 869 (Bankr.S.D.Ohio 1983) as authority for its contention.

The Debtor contends that he may avoid the Respondent's judicial lien to the extent that it impairs his homestead exemption. The Debtor relies on *In re Haupt*, 16 B.R. 118 (Bankr.E.D.Pa.1981) and *Matter of Gantt*, 7 B.R. 13 (Bankr.N.D.Ga.1980) as authority for his contention.

The court is persuaded by the reasoning in *In re Ewiak*, 75 B.R. 211 (Bankr.W.D. Pa.1987) and adopts the reasoning therein. The court in *Ewiak* held that a judicial lien based upon a nondischargeable claim was avoidable pursuant to § 522(f)(1) of the Bankruptcy Code.[3] Accordingly this court grants the Debtor's motion to avoid Respondent's judicial lien to the extent that it impairs the homestead exemption of the Debtor pursuant to § 522(f) of the Bankruptcy Code.[4]

1. 11 U.S.C.A. § 522(f) (West 1979).

2. 11 U.S.C.A. § 523(a)(6) (West 1979 & Supp. 1989).

3. 11 U.S.C.A. § 522(f)(1) (West 1979).

4. 11 U.S.C.A. § 522(f) (West 1979).