**In re Ira H. and Elizabeth H. GARTRELL, Debtors.**

**Bankruptcy No. 88–20262.**

United States Bankruptcy Court, W.D. New York.

Oct. 18, 1990.

Kenneth Gallant, Rochester, N.Y., for debtors.

Benjamin Bernstein, Workers' Compensation Bd., Brooklyn, N.Y., for Workers' Compensation Bd.

MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The question presented is whether a debtor may avoid a judicial lien pursuant to 11 U.S.C. § 522(f) if the lien is based on a debt claimed to be nondischargeable pursuant to 11 U.S.C. § 523(a)(7). Ira H. and Elizabeth H. Gartrell moved the Court for an Order pursuant to 11 U.S.C. § 522(f) to avoid two judicial lines of the Workers' Compensation Board of the State of New York, in the amounts of $600.00 and $125.00, on the grounds they impair the exemption of the Debtors' real property located at 9 Battlegreen Drive, Rochester, New York. The motion was opposed by the Workers' Compensation Board on the grounds the judgment liens were penalties imposed by the Board for Mr. Gartrell's failure to secure worker's compensation in-

surance for his employees. The judgments were entered solely against Mr. Gartrell.

Section 522(f) states:

"Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is— (1) a judicial lien ..."

On its face, § 522(f)(1) only requires the lien be a judicial lien, and the lien impairs an exemption of the debtors. *In re Krajci*, 7 B.R. 242, 244 (Bankr.E.D.Pa.1980) *aff'd*, 16 B.R. 462 (D.C.Pa.1981). The creditor has not asserted that the property claimed exempt by the Debtors may not be claimed as exempt. Nor has the creditor filed an objection to the claimed exemption. 11 U.S.C. § 522(*l*). The Workers' Compensation Board argues that the judgments are nondischargeable debts pursuant to 11 U.S.C. § 523(a)(7). Therefore, the Debtors may not avoid them pursuant to 11 U.S.C. § 522(f)(1).

■ Where Congress intended the underlying nature of a debt to affect the Debtor's right to discharge the debt, it stated so explicitly. 11 U.S.C. § 523. Where Congress intended a debtor's exempt property be liable for pre-petition debt based on the underlying nature of the debt, it stated so explicitly. *In re Ewiak*, 75 B.R. 211 (Bankr.W.D.Pa.1987); 11 U.S.C. § 522(c). Congress has not declared the underlying nature of a debt to have any affect on the Debtor's right to invoke the lien avoidance provision of § 522(f). The majority of Courts who have addressed this issue have concluded that the underlying nature of a debt does not affect a Debtor's right to invoke the lien avoidance provi-

sions of § 522(f). *See In re Liming*, 797 F.2d 895 (10th Cir.1986); *In re Hampton*, 104 B.R. 527 (Bankr.M.D.Ga.1989); *In re Haupt*, 16 B.R. 118 (E.D.Pa.1981); *In re Gantt*, 7 B.R. 13 (Bankr.N.D.Ga.1980).

A judgment of nondischargeability leaves intact the Debtor's personal liability to a creditor. 11 U.S.C. § 523. However, it does not give the creditor a right to a lien on the property claimed exempt by the Debtor unless that nondischargeability judgment is based on § 523(a)(1) or 523(a)(5); the creditor had a prior lien which survives the bankruptcy or a tax lien.[1] 11 U.S.C. § 522(c). Therefore, if the debt in this case is eventually found to be nondischargeable pursuant to § 523(a)(7), the Workers' Compensation Board would not have the right to a lien on the property of the Debtor which he owned pre-petition and was claimed exempt. The Workers' Compensation Board would only have a right to a judicial lien against property acquired post-petition even though the Debtor remained personally liable for that debt. Thus, to allow a creditor to deny the Debtor the use of § 522(f) based on the alleged nature of underlying debt, would be to place the creditor in a better position than it would have been had it brought an action to determine the debt to be nondischargeable under § 523(a)(7).

■ Having found that the Debtor is entitled to avoid the two judgment liens of the Workers' Compensation Board, it must be determined whether the Debtor has satisfied the requirements of § 522(f)(1). *In re Braddon*, 57 B.R. 677 (Bankr.W.D.N.Y. 1986). The market value of their home, as shown by their appraisal, is $75,000 and there are two outstanding mortgage liens against the property amounting to $59,500. This leaves equity in the amount of $15,-

---

**1.** Section 522(c) states:
"[U]nless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—
(1) a debt of the kind specified in section 523(a)(1) or 523(a)(5) of this title; or

(2) a debt secured by a lien that is—
(A)(i) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title; and
(ii) not void under section 506(d) of this title; or
(B) a tax lien, notice of which is properly filed."

500. Mr. Gartrells' half interest in the equity is $7,750. He has claimed an exemption of $10,000. Therefore, the Workers' Compensation Board's liens impair the Debtor's exemption. The Motion to avoid the liens of the Workers' Compensation Board is granted and it is so ordered and adjudged.