**In re E.C. HENDERSON and Phyllis Henderson, Debtors.**

**Bankruptcy No. 91–52298–RBK.**

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

Dec. 21, 1992.

Vince J. Hightower, San Antonio, TX, for debtors.

James S. Wilkins, San Antonio, TX, for creditor, Lee Belknap.

### OPINION

RONALD B. KING, Bankruptcy Judge.

The Debtors, E.C. and Phyllis Henderson, filed for relief under Chapter 7 of the Bankruptcy Code [1] on June 19, 1991. At the time of filing, the Debtors owned 131 acres in Caldwell County, Texas which is exempt under Texas law as a rural homestead. Prior to the bankruptcy filing, a state court judgment was rendered against the Debtors in favor of Lee Belknap on October 26, 1990, in the amount of $197,-667.21. An Abstract of Judgment was filed in Caldwell County on November 29, 1990, thereby creating a judicial lien against non-exempt real property of the Debtors. On June 17, 1992, this Court denied the Debtors' discharge pursuant to section 727 of the Bankruptcy Code. The Debtors have now moved to avoid the judgment lien under section 522(f)(1), claiming that it impairs their homestead exemption. Belknap opposes the motion on the bases that the Debtors' discharge has been previously denied and the judicial lien does not attach to homestead.

### I. Denial of discharge and avoidance of judicial liens.

Section 522(f)(1) of the Bankruptcy Code allows the debtor to avoid judicial liens which impair exempt property in order to aid the debtor in achieving a "fresh start." [2] Belknap argues that if the underlying judgment debt on which the lien is based has not been discharged, the debtor may not avoid the lien under section 522(f)(1). Most courts which have addressed the issue have held that the nature of the underlying debt does not affect a debtor's right to relief under section 522(f). *Central Nat'l Bank & Trust Co. v. Lim-*

---

1. 11 U.S.C. § 101 *et seq.* (1988). Title 11 of the United States Code is referred to herein as the Bankruptcy Code.

2. Section 522(f) provides, in relevant part:
 Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
 (1) a judicial lien; ....
 11 U.S.C. § 522(f) (1988).

*ing (In re Liming ),* 797 F.2d 895, 898 (10th Cir.1986); *In re Gartrell,* 119 B.R. 405 (Bankr.W.D.N.Y.1990); *In re Hampton,* 104 B.R. 527 (Bankr.M.D.Ga.1989); *In re Ewiak,* 75 B.R. 211 (Bankr.W.D.Pa.1987); *In re Haupt,* 16 B.R. 118 (E.D.Pa.1981).

 A debtor may file a motion to avoid lien even if the debt is nondischargeable because the purposes of nondischargeability and lien avoidance are different. As stated in *Haupt:*

> Regardless of any alleged impropriety or wrongdoing on behalf of the debtors with respect to the underlying debt, the function of the exemption provisions of the Code is to allow the debtor use of a fund of specific property from which he may maintain his basic standard of living. To this end, the debtor is allowed to avoid liens on a limited portion of his exempt property to further protect that property.

*Haupt,* 16 B.R. at 120. In a situation in which the lien to be avoided is secured by a non-dischargeable debt, Congress has determined that the prevailing concern is the federal interest in seeing the debtor through bankruptcy with the sufficient means necessary to maintain a basic standard of living. Thus, the avoidance of a judicial lien which may impair a debtor's right to exemptions is unaffected by the nature of the debt which is secured by the lien. *Liming; Gartrell; In re Gantt,* 7 B.R. 13 (Bankr.N.D.Ga.1980). The debtor may be held personally liable for a non-dischargeable debt, but the debtor still has a right to avoid liens which impair exemptions in accordance with section 522(f). As stated in *Gantt:*

> The importance of § 522(f) rights has, therefore, been underscored by the Congress, and the exercise of such rights has in no way been shown to be dependent upon or related to the nature of debts secured by voidable § 522(f) liens.

*Gantt,* 7 B.R. at 14. A debtor may, therefore, move to avoid a judicial lien under section 522(f) even if his discharge has been denied.

## II. A judicial lien does not "attach" to a homestead under Texas law.

 In Texas, a judgment lien is created by statute. Tex.Prop.Code Ann. § 52.-001 (Vernon Supp.1992). Substantial compliance with the statutory requirements is mandatory before a creditor's lien will attach to the judgment debtor's property. Proper recording and indexing of an abstract of judgment creates a lien on all of the debtor's non-exempt real property located in the county in which the abstract of judgment is filed. The lien attaches to the property at the moment the recording and indexing are completed.

 Texas law is clear that a judgment lien does not attach to a pre-existing homestead. Article XVI, section 50 of the Texas Constitution provides, in relevant part:

> The homestead of a family ... shall be, and is hereby protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon.... No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon....

Tex. Const. art. XVI, § 50 (Vernon Supp. 1992); *see also* Tex.Prop.Code Ann. § 41.-001 (Vernon Supp.1992) (statutory implementation of homestead exemption). The constitutional provision against liens on the homestead is liberally construed in favor of the homesteader. *Uptmor v. Janes,* 210 S.W.2d 235, 237 (Tex.Civ.App.—Waco 1948, writ ref'd n.r.e.). This provision protects the family of a judgment debtor from the forced sale of the homestead and renders invalid any judicial lien against it, with the noted exceptions. *Gill v. Quinn,* 613 S.W.2d 324, 325 (Tex.Civ.App.—Eastland 1981, no writ). Although a judgment may be properly abstracted, it does not operate as a lien upon property previously impressed with homestead rights. *Hughes v. Groshart,* 150 S.W.2d 827, 829 (Tex.Civ. App.—Amarillo 1941, no writ). Thus, a judgment lien simply does not attach to the

homestead so long as it remains homestead. *Hoffman v. Love,* 494 S.W.2d 591, 594 (Tex.Civ.App.—Dallas), *writ ref'd n.r.e. per curiam,* 499 S.W.2d 295 (Tex. 1973); *Englander Co. v. Kennedy,* 424 S.W.2d 305, 309 (Tex.Civ.App.—Dallas), *writ ref'd n.r.e. per curiam,* 428 S.W.2d 806 (Tex.1968); *Harms v. Ehlers,* 179 S.W.2d 582, 583 (Tex.Civ.App.—Austin 1944, writ ref'd).

### III. The debtors may not invoke the avoiding powers of section 522(f)(1) because the judicial lien does not impair their homestead exemption.

While a Texas judgment lien will not attach to homestead, it will attach to real property which ceases to be a homestead if it is still owned by the judgment debtor. *Walton v. Stinson,* 140 S.W.2d 497, 499 (Tex.Civ.App.—Dallas 1940, writ ref'd); *Lewis v. Brown,* 321 S.W.2d 313, 317 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n.r.e.). This is the crux of Belknap's argument against the avoidance of any lien on property that is currently exempt as homestead. A recent Illinois bankruptcy court decision addresses the avoidance of liens on exempt homesteads. In *In re Cerniglia,* 137 B.R. 722 (Bankr.S.D.Ill.1992), the debtor attempted to avoid a judicial lien on his homestead. As in Texas, it is well settled in Illinois that a judgment lien does not attach to a judgment debtor's homestead. *Dixon v. Moller,* 42 Ill.App.3d 688, 1 Ill.Dec. 411, 356 N.E.2d 599 (1976). Because the lien did not attach to the amount of the debtors' exemption, the bankruptcy court reasoned that the debtors would gain nothing by the use of section 522(f)(1) beyond the exemption rights afforded them under state law.[3] The court stated "[s]ince the judgment lien did not attach to the debtors' homestead interest, there is no impairment of the debtors' exemption and

no encumbering lien to be avoided." *Cerniglia,* 137 B.R. at 727.

*Cerniglia* relied on *In re Fry,* 83 B.R. 778 (Bankr.D.Colo.1988). After applying the Colorado exemption statute which provides that judgment liens do not attach to a debtor's homestead, *Fry* dealt with the issue of whether the debtor may nevertheless employ section 522(f)(1) to avoid the lien. The court held that a Colorado judgment lien does not impair the homestead exemption because it can never attach. Ruling that the debtor could not invoke the avoiding powers of section 522(f)(1), the court stated that a section 522(f)(1) motion was "superfluous" with respect to the Colorado homestead exemption statute. *Fry,* 83 B.R. at 779; *see also In re Prestegaard,* 139 B.R. 117, 118–119 (Bankr.S.D.N.Y. 1992) (lien avoided only to extent of $10,000 homestead exemption); *In re Chabot,* 100 B.R. 18, 21 (Bankr.C.D.Cal.1989), *aff'd,* 131 B.R. 720 (C.D.Cal.1991) (judicial lien could not be avoided when the lien did not impair an exemption to which the debtor was entitled); *Alu v. New York (In re Alu),* 41 B.R. 955, 957–958 (E.D.N.Y.1984) (liens did not "impair" any exemption which would otherwise exist, and could not be avoided under section 522(f)(1)); *but see In re Galvan,* 110 B.R. 446 (Bankr. 9th Cir.1990) (disapproving *Chabot* ).

Other Colorado bankruptcy decisions have disagreed with the *Fry* rationale or have declined to follow it. *In re Robinson,* 114 B.R. 716 (D.Colo.1990); *In re Duden,* 102 B.R. 797 (D.Colo.1989); *In re Packer,* 101 B.R. 651 (Bankr.D.Colo.1989); *In re Hermansen,* 84 B.R. 729 (Bankr.D.Colo. 1988). Those courts allowed debtors to avoid a lien placed on their exempt homestead, holding that although the judicial lien did not attach, the existence of the lien potentially impaired the debtor's fresh start. In *Packer,* the court held:

3. Unlike Texas, the Illinois homestead exemption statute contains a value limitation of $7,500.00 for an individual. Illinois courts have held that the judgment lien will attach to the debtor's property that exceeds the amount allowed by statute. If the value of the property is greater than $7,500.00, the lien will attach to the excess, giving the judgment creditor the right to sell the property. Because the lien never at-

taches to the homestead portion, however, the debtor would be entitled to have the estate set off to him or be compensated for it. *Cerniglia,* 137 B.R. at 726. This would not be the case in Texas because the limitation is on acreage rather than value. Tex.Const. art. XVI, § 51 (Vernon Supp.1992); Tex.Prop.Code Ann. § 41.002 (Vernon Supp.1992).

Absolute denial of access to Section 522(f) may leave the debtor's title to real property clouded, lead to future litigation, prevent a closing, preclude title insurance, require posting of a bond, or otherwise impair or impede a debtor's right to deal with his real property post-petition in a free and unfettered manner. *Packer,* 101 B.R. at 653.

In adopting the *Fry* rationale and disagreeing with the opinions cited in *Packer,* *Cerniglia* looked to the recent United States Supreme Court decision in *Owen v. Owen,* — U.S. ——, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), to hold that the purpose of section 522(f)(1) is not to "confirm" or "document" the absence of liens on exempt property, but to remove liens attached to the property so that property which would otherwise be exempt may come into the estate and be claimed as exempt property. *Cerniglia,* 137 B.R. at 727 (citing *Owen v. Owen,* — U.S. ——, ——–——, 111 S.Ct. 1833, 1835–36, 114 L.Ed.2d 350 (1991)). Where state exemption laws mandate that judicial liens do not attach to a debtor's exempt homestead, a debtor's section 522(f)(1) motion to avoid the lien is "unavailing and must be denied." *Cerniglia,* 137 B.R. at 727.

Denying the 522(f)(1) motion does not deprive the debtors of any right given them under the Code. As in Illinois and Colorado, the law in Texas is that no judicial lien will attach to a debtor's homestead. This Court agrees with the analysis in *Cerniglia* and *Fry* and holds that the Debtors' motion to avoid the Belknap lien should be denied.

## IV. Conclusion.

For the reasons stated herein, the Debtor's Motion to Avoid Judicial Lien Pursuant to 11 U.S.C. § 522(f)(1) should be denied. This Opinion shall constitute the Findings of Fact and Conclusions of Law of this Court pursuant to Fed.R.Bankr.P. 7052 and 9014. An order denying the Motion will be rendered contemporaneously herewith.