**In re Frank E. CLARK, Jr., Debtor.**

**Bankruptcy No. 96–4092–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Jan. 20, 1998.

Raymond R. Magley, Smith, Hulsey & Busey, Jacksonville, FL, for Plaintiff.

Janet H. Thurston, Cohen & Thurston, Jacksonville, FL, for Defendant.

*FINDINGS OF FACT AND*
*CONCLUSIONS OF*
*LAW*

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court on an objection to Frank E. Clark, Jr.'s Motion to

Avoid Judicial Lien filed by Hanley C. Clark, Receiver for George Washington Life Insurance Company. After a hearing on October 14, 1997, the Court enters the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On July 7, 1995, Hanley C. Clark, Receiver for George Washington Life Insurance Company (Receiver), obtained a judgment against Dudley D. Allen, John H. Wilbur, and Frank E. Clark, Jr. (Debtor) in the United States District Court for the Southern District of West Virginia in the amount of $6,198,591.34. (Receiver Ex. 2.) Debtor is jointly and severally liable for $2,107,521.34 of this amount.

2. On November 17, 1995, the Receiver filed a Motion to Compel Defendants to Deliver Certain Assets in Partial Satisfaction of Judgment in the United States District Court for the Southern District of West Virginia. (Receiver Ex. 3.) In the motion, the Receiver requested that the court require the debtor to liquidate his IRA Deferred Annuity Contract with Life USA Insurance Company (IRA) and turn over the proceeds to the Receiver. *Id.*

3. The motion was granted on January 11, 1996, and the debtor was ordered to surrender the IRA for its cash value and deliver the cash to the Receiver (Turnover Order). (Receiver Ex. 5.)

4. On July 9, 1996, the debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On the date of his petition, Debtor had not converted the IRA to cash.

5. Debtor included the Life USA IRA in his claim of exemptions at a market value of $40,106.00. (Debtor Ex. 2.).

6. On October 11, 1996, the Receiver filed an objection to the debtor's claim of exemptions.[1] (Debtor Ex. 3.)

7. In an order dated May 13, 1997, this Court overruled the Receiver's objection to debtor's claimed exemption of the Life USA IRA, and allowed the exemption. (Debtor Ex. 4.)

8. On July 16, 1997, a judgment was entered by this Court denying the debtor's discharge pursuant to 11 U.S.C. § 727(a)(3) and (5). (Receiver Ex. 6.)

9. The Receiver subsequently contacted Debtor's attorney by letter dated July 21, 1997, demanding that the debtor surrender the IRA for its cash value, and deliver the proceeds to the Receiver's attorney.

10. On July 28, 1997, the debtor filed a Motion to Avoid Judicial Lien, seeking to avoid the lien imposed by the Turnover Order on the debtor's exempt property. (Doc. 27.)

11. The Receiver filed an objection to Debtor's motion to avoid lien on August 13, 1997. (Doc. 29.)

## CONCLUSIONS OF LAW

■ The Bankruptcy Code allows a debtor to "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(A) a judicial lien...."[2] 11 U.S.C. § 522(f)(1) (1997). Prior to determining whether the debtor has satisfied the statutory criteria for the avoidance of a lien, the Court must address the Receiver's contention that a debtor whose discharge has been denied pursuant to 11 U.S.C. § 727 is not entitled to avoid liens under § 522(f).

■ Subsection (f) of § 522 is silent as to whether a debtor whose discharge is denied is entitled to the avoidance of liens. However, this Court has determined that the plain meaning of the language used in § 522(f)(1) supports the conclusion that a debtor may avoid a lien even if his discharge has been

---

1. At the hearing on the Receiver's objection on March 20, 1997, the Receiver withdrew his objections to the debtor's claim of exemptions for personal property and an annuity. The hearing then proceeded on the Receiver's remaining objection to the debtor's Life USA IRA.

2. Subsection (f) goes on to prohibit the avoidance of judicial liens securing certain debts, including spousal and child support. 11 U.S.C. § 522(f)(1)(A)(i)–(ii) (1997).

denied. *In re Allen,* Case No. 96–0565–BKC–3P7 (Bankr.M.D.Fla. January 20, 1998) (providing a detailed discussion of this issue). The underlying nature of the debt which is secured by the judicial lien has no bearing on a debtor's right to avoid the lien. *Id.; In re Henderson,* 155 B.R. 157, 159 (Bankr. W.D.Tex.1992), *rev'd on other grounds,* 168 B.R. 151 (W.D.Tex.1993), *aff'd,* 18 F.3d 1305 (5th Cir.1994), *cert. denied,* 513 U.S. 1014, 115 S.Ct. 573, 130 L.Ed.2d 490 (1994) (citing *Central Nat'l Bank and Trust Co. of Enid. Oklahoma v. Liming (In re Liming),* 797 F.2d 895 (10th Cir.1986); *In re Gartrell,* 119 B.R. 405 (Bankr.W.D.N.Y.1990); *Gantt v. First Alabama Bank (In re Gantt),* 7 B.R. 13 (Bankr.N.D.Ga.1980)). Consequently, lien avoidance remains an available remedy for this debtor, notwithstanding the Court's denial of his discharge.

In order to avoid the Receiver's lien, the debtor must first establish the presence of a judicial lien fixed on his interest in the property. 11 U.S.C. § 522(f)(1) (1997). Second, the debtor must show that the lien impairs his exemption. *Id.*

■ The Receiver does not dispute the existence of a judicial lien which impairs the debtor's exemption. The controversy involves the condition that the lien fix on an interest of the debtor in the property. The Receiver requests that the Court decline to avoid the lien based on this Court's prior holding in *In re Frederick* that liens which attach to non-exempt property prior to the bankruptcy filing survive as valid liens against the bankruptcy estate. *See Teasdale v. Frederick (In re Frederick),* 183 B.R. 968, 971 (Bankr.M.D.Fla.1995). The Court has rejected this argument for the reasons more fully detailed in *In re Allen,* Case No. 96–0565–BKC–3P7 (Bankr.M.D.Fla. January 20, 1998), and adheres to the Supreme Court's directive that the time of the filing of the bankruptcy petition is the proper time to decide a debtor's entitlement to an exemption for the purposes of § 522(f). *Owen v. Owen,* 500 U.S. 305, 314 n. 6, 111 S.Ct. 1833, 1838 n. 6, 114 L.Ed.2d 350, 360 n. 6 (1991) (citing 11 U.S.C. § 522(f), (b)(2)(A)).

■ A lien fixes on an interest of the debtor in property if the debtor held his interest in the property prior to the fixing of the lien. *Farrey v. Sanderfoot,* 500 U.S. 291, 299, 111 S.Ct. 1825, 1830, 114 L.Ed.2d 337, 346 (1991). The Receiver's lien fixed on an interest of the debtor in the IRA since both legal and equitable title to the IRA rested in the debtor at the time the lien attached. This Court entered Findings of Fact and Conclusions of Law regarding the Receiver's objection to the debtor's claim of exemptions on May 13, 1997. (Debtor Ex. 5.) In its Conclusions of Law, the Court specifically rejected the Receiver's contention that the debtor lacked an equitable interest in the IRA due to the Turnover Order, and held that the Turnover Order did not invalidate the debtor's right to claim the IRA as exempt. *Id.* The Court therefore finds that the debtor has satisfied the criteria of the lien avoidance statute and is entitled to the avoidance of the Receiver's lien.

### CONCLUSION

For the reasons stated above and in *Allen,* the Court concludes that the debtor is entitled to avoid the Receiver's judicial lien. The Receiver's objection to the debtor's motion to avoid lien is overruled, and the lien will be avoided. The Court will enter a separate order consistent with these findings of fact and conclusions of law.