**In re Karl SCHROFF, Jr., Debtor.**

**Bankruptcy No. 085–50715–21.**

United States Bankruptcy Court, E.D. New York.

Nov. 8, 1988.

Jacoby & Meyers, Brooklyn, N.Y. by Ronald Roth, for debtor.

Stuart P. Gelberg, Garden City, N.Y., Trustee.

## OPINION

CECELIA H. GOETZ, Bankruptcy Judge:

The debtor in this Chapter 13 proceeding is seeking to avoid various judicial liens

filed against the home owned by him and his wife. Certain liens he seeks to avoid under § 522(f) as impairing his exemption, others he claims are void because obtained post-petition in violation of § 362's automatic stay.[1]

None of the lien creditors has appeared to oppose the relief requested. Nevertheless, the Court, acting pursuant to 11 U.S.C. § 105, has decided *sua sponte* not to grant some of the relief requested despite the default of the named parties, so as to prevent the abuse of process the record in this case reflects.

## FACTS

This Chapter 13 proceeding was filed on November 7, 1985. The debtor, having completed his payments under the Plan, as amended, received his discharge on August 4, 1988. Five days later he filed the present motion.

Of the twelve liens the debtor now seeks to avoid, only two belong to creditors who were listed on his schedules, received notice of the bankruptcy and had an opportunity to participate in the proceeds of the debtor's Chapter 13 Plan. The other creditors were not listed, were never sent notice that the debtor had filed for relief under the bankruptcy laws and received nothing out of the debtor's Chapter 13 Plan.

Had the omitted creditors and the debts evidenced by their liens been included in the debtor's schedules, they would have shown that his total unsecured debts were over $100,000, making him ineligible for Chapter 13 relief. § 109(e). On March 25, 1986, the total unsecured indebtedness shown on his schedules was $89,080. The ten liens which he now seeks to avoid, reflecting debts not listed on his Chapter 13 Statement, exceed $15,000, putting him over the $100,000 ceiling.

Of the seven judgment liens filed pre-petition which the debtor seeks to avoid under § 522(f), five belong to unlisted creditors. (Grefe, $1,134.60; RPR Publication, $3,909.92; Leif R. Rubenstein, $581.35; Winning Ways, Inc., $3,296.60; Catalina Division of Kayser, $1,163.43). Of the five claimed to be void because secured in violation of the § 362 stay, all belong to unlisted creditors. (Mintz, d/b/a Courtime USA, perfected 10/22/86 and docketed 11/3/86 for $518.96; Winning Ways, perfected and docketed 3/12/86 for $1,419.74; Sports Apparel, perfected and docketed 12/10/85 for $2,195.93; Court Casuals, perfected 11/12/85 and docketed 12/19/85 for $1,170.98; and MaryLou Migdal, perfected 5/3/85, docketed 1/9/86, for $2,397.15).

That these creditors were known to the debtor during the pendency of the Chapter 13 petition and deliberately forgotten until he received his discharge, is a legitimate inference from the fact that his motion to set aside these liens was filed five short days after his discharge issued.[2]

Despite the fact that some of the omitted creditors hold pre-petition judgment liens, all would have had to be considered as unsecured creditors, just as the debtor had John and Peter Mele declared to be.

John and Peter Mele hold one of the two liens included in the present motion which belong to scheduled creditors. The Meles filed a secured proof of claim on December 26, 1985 for $36,687.09, based on a judgment filed with the Suffolk County Clerk's

---

**1.** Time has been lost by the Court in ruling on the debtor's motion because of the failure of his motion papers to identify which liens are deemed vulnerable under which section, carelessness as to dates which has resulted in liens being shown as docketed before they were perfected and a pervasive indifference to clarity exemplified by the consistent reference to the lien creditors as "debtors." The deficiencies in the motion papers have forced the Court to spend valuable time trying to understand exactly what is here involved.

**2.** That inference is reinforced by the suggestion elsewhere in the record that the debtor has provided or withheld information as seemed to him in his best interest. Thus, when the inadequacy of the debtor's income to make payments under the plan appeared to be an obstacle to its confirmation, he discovered that he had "inadvertently" failed to include $450 in rental income from a tenant in his house. How does one overlook a tenant in one's own home? In addition, after the debtor had secured authorization to spread out payments under the plan on the ground of hardship, he prematurely paid off the entire amount.

Office on August 23, 1985. In the Chapter 13 proceeding, the debtor moved successfully pursuant to § 506 to reduce their claim from secured to unsecured. A secured claim is defined by 11 U.S.C. § 506(a) as follows:

> [A]n allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

A claim is deemed secured only to the extent of the estate's interest in the property constituting the security. Exempt property is not part of the estate. 11 U.S.C. § 522(b). The Meles' only security was the debtor's interest in the home he owned jointly with his wife. The debtor contended that the value of his equity in the home was not more than $6,000, all of which was claimed by him as a homestead exemption. The appraised value of the home, which was burdened by a mortgage of $102,000, was $114,000, leaving an equity of $12,000, of which only half belonged to the debtor.

On exactly the same grounds all of the debtor's other judgment lien creditors would likewise have had to be considered unsecured creditors had they been scheduled by the debtor.

■ Omission of the debts of all his lien creditors, except the Meles, from the debtor's schedules concealed the debtor's ineligibility for Chapter 13 relief and thereby constituted fraud on the Court. Such omission was injurious to the omitted creditors in that it meant they received no notice of the debtor's Chapter 13 filing and had no opportunity to share in any payment under the Chapter 13 Plan.

Because of the fraud on the Court, this Court considered, but rejected, denying the debtor all relief as a deterrent to other debtors tempted to bring themselves under Chapter 13 by filing similarly incomplete petitions. Therefore, in disposing of the debtor's motion, this Court has given no weight to the debtor's misuse of Chapter 13.

■ Turning now to the wrong done individual creditors by their omission from the debtor's schedules, the first salient fact is that the debts underlying the liens of these debtor's unlisted creditors have not been discharged.

§ 523(a)(3) excepts from discharge unlisted debts unless the creditor knew of the bankruptcy filing:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

> \* \* \* \* \* \*

> (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or . . .

But even notice will not save the discharge of a debt not provided for in the Chapter 13 Plan. A discharge under § 1328(a) discharges only the "debts *provided for by the plan* or disallowed under section 502." (Emphasis supplied). An unlisted debt is not one provided for by the plan. It does not enter into consideration in determining whether the plan meets the requirements for confirmation and it does not share in the distribution under the Chapter 13 plan.

■ A second consideration relevant to the creditors holding pre-petition liens is the longstanding rule that if a secured creditor neither proves his debt in bankruptcy nor releases his lien, his security is preserved notwithstanding the bankruptcy of the debtor. *Long v. Bullard*, 117 U.S. 617, 618, 6 S.Ct. 917, 918, 29 L.Ed. 1004 (1886); *In re Tarnow*, 749 F.2d 464, 465 (7th Cir.1984) (a creditor with a loan secured by a lien on the assets of the debtor is allowed to ignore the bankruptcy pro-

ceedings and look to the lien for satisfaction of the debt); *In re Simmons*, 765 F.2d 547 (5th Cir.1985). This rule applies to exempt as well as nonexempt property. 3 Collier on Bankruptcy, ¶ 524.01 (15th Ed. 1988); H.R. Report No. 595, 95th Cong., 1st Sess., 361 (1977); S.Rep. No. 989, 95th Cong.2d Sess., 76 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. It is preserved in § 506(d).

■ Nevertheless, and generally without discussion of the longstanding rule that liens pass through bankruptcy undisturbed unless disallowed, many bankruptcy courts permit a debtor, even after a discharge has been issued and a case closed, to avoid under § 522(f) a judicial lien that impairs the debtor's exemption. § 522(f) provides:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (1) a judicial lien;

The rationale is that Congress has placed no time limit on avoidance under § 522(f). *In re Newton*, 15 B.R. 640 (Bankr.W.D.N.Y.1981). Section 522(f) is available in Chapter 13. *In re Blake*, 38 B.R. 604 (Bankr.E.D.N.Y.1984).

It is this section the debtor is now invoking. Relying on the same facts that won him the right to convert Mele's claim from secured to unsecured, the debtor contends that since his entire equity in his marital residence is exempt property, all the outstanding judgment liens impair his exemption. Compelling as this argument might have been if made while the creditors affected enjoyed the correlative right to share in the proceeds of the debtor's Chapter 13 Plan, it now comes too late. In the analogous situation of Chapter 7 debtors seeking to reopen a closed case to avoid judicial liens, relief will be denied where equitable considerations weigh against reopening. *Hawkins v. Landmark Finance Co.*, 727 F.2d 324 (4th Cir.1984); *In re Ricks*, 89 B.R. 73 (9th Cir. BAP 1988).

It would be inequitable to permit the debtor to avoid liens of creditors whom he deliberately excluded from the benefits of his Chapter 13 Plan. It is incompatible with the structure of the Code to permit a debtor to make provision for less than all of his creditors under a Chapter 13 plan and then claim his homestead exemption as against creditors who never had an opportunity to participate.

The Court is reinforced in this conclusion by the decision of the Fifth Circuit in *In re Simmons*, 765 F.2d 547 (5th Cir.1985) in which the court held that a lien which a debtor sought to avoid post-petition under § 545, not § 522(f), passed through bankruptcy unaffected even though the creditor had participated in the bankruptcy proceeding and received payments under the plan as an unsecured creditor.

Therefore, the debtor will not be permitted to avoid under § 522(f) the pre-petition liens of the creditors not listed in his petition.

■ The liens secured post-petition fall into a different category.

Section 362(a)(5) stays "any act to create, perfect, or enforce against property of the debtor any liens to the extent that such lien secures a claim that arose before the commencement of the case under this title." The § 362(a)(5) stay is effective upon the date of filing of the petition and notice is not required. *Morgan Guaranty Trust Co. of New York v. Hellenic Lines, Ltd.*, 38 B.R. 987 (S.D.N.Y.1984). The courts uniformly describe actions taken in violation of the stay as void and without effect. *In re Organized Maintenance, Inc.*, 47 B.R. 791, 793 (Bankr.E.D.N.Y.1985); *Borg Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir.1982). The debtor is entitled to have the post-petition liens declared void. However, since the underlying debt is not discharged, for the reasons given earlier, nothing prevents the creditor from securing a new judgment lien based on the undischarged debt.

■ Turning now to the liens held by listed creditors, the Meles and Dunlop Sports Corp. ("Dunlop"). As to them the

debtor is entitled to the relief he seeks. These creditors had notice of the Chapter 13 proceeding and the opportunity to share in the plan payments. That Dunlop elected not to avail itself of the opportunity is of no materiality.

 As far as the Meles are concerned, the relief requested is redundant. Their claim has already been held not to be a secured claim. As a result, the Mele lien "now secures a claim that is not an allowed secured claim" and, therefore, is void under § 506(d). A void lien cannot impair the debtor's exemption. Avoiding the same lien twice seems unnecessary, but harmless.

 Turning to the Dunlop lien, the debtor's schedule listed Dunlop as an unsecured creditor in the amount of $2,914. According to the debtor's motion, Dunlop held a pre-petition judgment lien in the amount of $3,296.60. Its position today is no different from what it would have been had the debtor made the present motion earlier. The Bankruptcy Appellate Panel for the Ninth Circuit has held that: "The key factor in allowing the late avoidance of a lien pursuant to 522(f) is whether the creditor is sufficiently *prejudiced* so that it would be *inequitable* to allow avoidance of the lien." (emphasis in original). *In re Ricks, supra,* 89 B.R. at 75. Applying that test to the facts present here, there is no inequity in permitting avoidance of the Dunlop lien since it clearly impairs the debtor's homestead exemption.

To sum up: The debtor's motion is granted with respect to the Mele and Dunlop liens. The debtor is likewise entitled to a declaration that the post-petition liens of Mintz, Winning Ways, Sports Apparel, Court Casuals and MaryLou Migdal are void, but nothing prevents these creditors from obtaining new liens to replace those secured in violation of the automatic stay. The debtor is not entitled to avoid the pre-petition liens of Grefe, RPR Publication, Rubenstein, Winning Ways and Catalina Division of Kayser, Inc.

An Order consistent with this Opinion is being issued contemporaneously.