Filed 5/16/22  Marriage of Williams CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of WINSTON W. and GUADALUPE C. WILLIAMS. | |
| WINSTON W. WILLIAMS, | F080401 |
| Appellant, | (Super. Ct. No. 05FL0401) |
| v. | |
| GUADALUPE CAPOZZI, | **OPINION** |
| Respondent. | |

APPEAL from a judgment of the Superior Court of Kings County.  Robert S. Burns, Judge.

Winston W. Williams, in pro. per., for Appellant.

Guadalupe Capozzi, in pro. per., for Respondent.

-ooOoo-

This is an appeal from an October 8, 2019 judgment of the Kings County Superior Court. For the reasons set forth below, we affirm the judgment.

## BACKGROUND[1]

Appellant Winston W. Williams (Husband) and respondent Guadalupe C. Williams (Wife)[2] separated on February 1, 2005. Their marriage terminated on June 19, 2006. In a judgment on reserved issues filed on March 17, 2008, the superior court ordered the parties to sell their marital residence in Hanford (Hanford residence), which was valued at $470,000 as of January 26, 2007. The court further ordered that—upon sale of the Hanford residence—the net proceeds "will be divided pursuant to [certain] credits and charges set forth" in the judgment.

In a "**FINDINGS AND ORDER AFTER HEARING**" filed on June 4, 2009, the court ordered that Husband be given possession of the Hanford residence. The court further ordered that (1) Husband "shall maintain all debts relating to the real property"; (2) the Hanford residence "shall be listed for sale with a real estate broker"; (3) "both parties shall cooperate with the sale"; (4) Husband "shall take steps to become prequalified to purchase the property"; and (5) Husband "shall have the right to purchase the property for an amount equal to any legitimate purchase offer." (Capitalization omitted.)

Husband filed for a Chapter 13 bankruptcy on March 18, 2010. A Chapter 13 plan was confirmed on May 14, 2010. The case was completed on March 5, 2015. The United States Bankruptcy Court, Eastern District of California, issued a "**DISCHARGE OF DEBTOR AFTER COMPLETION OF CHAPTER 13 PLAN**" dated June 26, 2015. It read:

---

[1] The record in the instant case consists of a clerk's transcript and an augmented clerk's transcript.

[2] The record indicates that Wife now goes by Guadalupe Capozzi.

"It appearing that the debtor [Winston Wayne Williams] is entitled to a discharge.

"**IT IS SO ORDERED:**

"The debtor is granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code)."

In a "**FINDINGS AND ORDER AFTER HEARING**" filed on May 3, 2017, the court ordered that (1) "Husband shall be awarded the [Hanford] residence . . . as his sole and separate property"; (2) "Wife shall execute a Quitclaim Deed within 15 days of April 20, 2017 releasing title to [the Hanford residence] to [Husband]"; (3) Husband "shall refinance the debt encumbering the residence to release . . . Wife from any obligation associated therewith"; (4) "Husband shall assume that debt and shall indemnify and hold Wife harmless therefrom"; and (5) the parties "shall meet and confer" "to discuss and calculate credits to either party pursuant to the Court's Judgment on Reserved Issues, filed March 17, 2008, if any."

Wife filed a request for order on September 25, 2017, and a hearing thereon was conducted on August 15, 2019. In a judgment filed on October 8, 2019, the court valued the Hanford residence at $382,500 and Wife's interest therein at $54,540.21 and ordered Husband to pay Wife $54,540.21 for equalization.

## DISCUSSION

Husband, representing himself on appeal, contends:

"The Family Court lost it's [*sic*] Jurisdiction over payment of any equalization payment when [he] received his chapter 13 discharge per [title 11 United States Code section 1328(a).]"[3]

---

[3] We decline to address any contentions that are not listed "under a separate heading or subheading" in Husband's opening brief, in violation of rule 8.204(a)(1)(B) of the California Rules of Court. (See, e.g., *Silverado Modjeska Recreation & Park Dist. v. County of Orange* (2011) 197 Cal.App.4th 282, 314, fn. 24; *Sierra Club v. City of Orange* (2008) 163 Cal.App.4th 523, 542.)

"Property settlement payments ordered in dissolution proceedings to effect the equitable division of community property, as opposed to payments for spousal or child support, are dischargeable in bankruptcy." (*In re Marriage of Lynn* (2002) 101 Cal.App.4th 120, 125; see 11 U.S.C. §§ 523(a)(5), 727.) "[T]he discharge of a debt in bankruptcy operates as an injunction prohibiting a creditor thereafter from taking any action to collect or recover the debt." (*In re Marriage of Lynn*, *supra*, at p. 125.) "A debtor who completes his payments under a Chapter 13 plan is entitled to a broad discharge of 'all debts provided for by the plan or disallowed under section 502 of [the bankruptcy code]. . . .' " (*Ellett v. Stanislaus* (9th Cir. 2007) 506 F.3d 774, 777, quoting 11 U.S.C. § 1328(a).) "[T]he phrase 'provided for' in section 1328(a) [of title 11 of the United States Code] simply requires that for a claim to become dischargeable the plan must 'make a provision for' it, *i.e.*, deal with it or refer to it." (*In re Gregory* (9th Cir. 1983) 705 F.2d 1118, 1122; see, e.g., *Ellett v. Goldberg* (E.D. Cal. 2005) 328 B.R. 205, 207 [appellant debtor identified appellee agency as unsecured creditor in schedules].) "An unlisted debt is not one provided for by the plan. It does not enter into consideration in determining whether the plan meets the requirements for confirmation and it does not share in the distribution under the Chapter 13 plan." (*In re Schroff* (Bankr. E.D.N.Y. 1988) 94 B.R. 279, 282.)[4]

Here, the record contains a "**CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT**." Under the heading "**Scheduled Creditors**," Husband's various "Secured," "Unsecured," and "Priority" creditors are listed. However, there is no mention of any property settlement payments owed to Wife. (Cf. *Cal-Western Reconveyance Corp. v. Reed* (2007) 152 Cal.App.4th 1308, 1319 [husband's equalization payment listed as claim in bankruptcy proceeding].)

---

[4] Although decisions of lower federal courts are not binding on California courts, even on questions of federal law, they nonetheless are persuasive authority. (*Rubin v. Ross* (2021) 65 Cal.App.5th 153, 163.)

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.]" (*Id.* at p. 609.)

In view of the record, we conclude Husband failed to establish that the superior court committed an error that justifies reversal of the October 8, 2019 judgment.[5]

## DISPOSITION

The October 8, 2019 judgment is affirmed. Costs on appeal are awarded to respondent Guadalupe Capozzi.

DETJEN, Acting P. J.

WE CONCUR:

FRANSON, J.

MEEHAN, J.

---

[5] Having considered the merits of this appeal, we deny Wife's March 3, 2021 motion to dismiss.

5.